IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:19-cv-247

| | |
|---|---|
| DEBRA SPANGLER & DENNIS COSTNER JR., | )<br>)<br>) |
| Plaintiffs, | )<br>) **COMPLAINT** |
| v. | )<br>)<br>) |
| BRIDGESTONE AMERICAS, INC., & AETNA LIFE INSURANCE COMPANY | )<br>)<br>)<br>) |
| Defendants, | ) |

COME NOW PLAINTIFFS, by and through her undersigned attorney alleges as follows against Defendants:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in the Court under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Debra Spangler ("Ms. Spangler") and Dennis Costner Jr. ("Mr. Costner Jr.") are both beneficiaries of The Employment Retirement Income Security Act ("E.R.I.S.A.") governed group life insurance policy by their late father, Dennis Costner Sr.

1

4. Ms. Spangler and Mr. Costner Jr. are both citizens and residents of North Carolina and reside in Gaston County and Cleveland County North Carolina, respectively.

5. Defendant Bridgestone Americas, Inc., ("Bridgestone") is a foreign corporation incorporated in the State of Delaware with its principal place of business in the State of Tennessee.

6. Aetna Life Insurance Company ("Aetna") is a foreign corporation incorporated in the state of Connecticut who provide health insurance and other employee benefit services throughout the United States.

## FACTS

7. E.R.I.S.A. of 1974, 29 U.S.C. §§ 1001 et seq. protects the rights of employees to their benefits, providing an avenue for participants to recovery benefits due and to redress breaches of fiduciary duties arising from benefit plans. 29 U.S.C. § 1132(a).

8. As part of compensation package, Bridgestone agreed to provide Dennis Costner Sr. a group insurance policy providing various coverages include Employee Optional Life Insurance coverage.

9. Dennis Costner Sr. died on or about March 06, 2018 and at all relevant times herein, was a citizen and resident of North Carolina and Cleveland County.

10. Upon information and belief, Aetna issued a policy on or about December 01, 2017 designated as GP-0326406 – Life, Accidental Death & Personal Loss and Dependent Life-Full Time Employees of the Kings Mt./Gastonia Plant ("the Policy").

11. Aetna is a company that offers insurance, administrative services, and benefits plans, including employer-sponsored welfare benefit plans governed by E.R.I.S.A. 29 U.S.C. § 101 *et seq.*

12. Upon information and belief, the Policy is part of a basic employer paid life and accidental death & personal loss for insurance plan established and maintained by Bridgestone.

13. For Bridgestone's employee welfare benefit plan, Aetna acts as the third-party administrator; Bridgestone is responsible for paying claims and the financial risks of any particular policy that it sponsors.

14. Aetna had the discretion to construe terms of the Policy, determine the available benefits to the Policy, and can process and administer available benefits.

15. Dennis Costner was employed full-time by Bridgestone from on or about the year 2000 until his death in 2018 and furthermore, a full-time teammate of the Kings Mountain Union.

16. On December 01, 2017, a fully enforceable and executed Basic Life Insurance Beneficiary Designation form listed Ms. Costner and Mr. Costner Jr. as Primary Beneficiaries of the Policy.

17. The Policy provided coverage for $90,000 and per the terms of the Policy, Ms. Spangler and Mr. Costner Jr. were joint beneficiaries, each entitled to 50% of the proceeds.

18. Dennis Costner Sr. died on March 06, 2018, and both Ms. Spangler and Mr. Costner Jr. according to the Policy were entitled to be benefits totaling $45,000 each, respectively.

19. However, upon information and belief, Aetna through Bridgestone's direction paid Mrs. Nancy Costner, Dennis Costner's Sr.'s wife, $90,000.

20. Despite being the beneficiaries of the Policy, Aetna and or Bridgestone has until this point been unwilling to pay the proceeds of the Policy to Ms. Spangler and Mr. Costner Jr.

21. Upon information and belief Bridgestone and Aetna has both formally or informally denied benefits to the Plaintiffs, and the appeal process has been exhausted.

22. Bridgestone alleges that Mrs. Nancy Costner was paid the $90,000 life insurance proceeds from the Policy and therefore upon information and belief is unwilling to issue payment for the Plaintiff's claim.

## COUNT 1:
## Breach of Fiduciary Duty under ERISA (Bridgestone)

23. Plaintiff re-alleges herein all of the above allegations.

24. At all relevant times, Bridgestone exercised discretionary control, authority, and or management over the management and administration of the applicable employee welfare benefits plan and the Policy.

25. At all relevant times, Bridgestone was aware that the Plaintiff's were both intended beneficiaries of the Policy including the coverage for Optional Life Insurance.

26. Bridgestone had a duty to administer the plan and the Policy solely in the interest of participants and beneficiaries.

27. Bridgestone breached this duty by:

   a) Failing to administer the E.R.I.S.A. plan and the Policy in the best interests of its participants and beneficiaries including the Plaintiffs;

   b) Denying Plaintiffs' claim for benefits under the Optional Life Insurance coverage portion of the Policy;

   c) Misleading Plaintiffs' by affirmatively representing that they were covered under the Optional Life Insurance portion of the Policy;

   d) Misleading Plaintiff's by affirmative representing that Plaintiff's had been successfully enrolled in the Optional Life Insurance coverage under the Policy;

e) Continuing to deduct premiums for Optional Life Insurance coverage from the paycheck of Dennis Costner Sr. through the date of his death, thereby affirmatively representing that Plaintiffs' were covered for Optional Life Insurance.

f) Misrepresenting that denying the claim for Optional Life Insurance was justified because the payments were already paid to an incorrect party.

28. As a direct and proximate result of Bridgestone breaches of its fiduciary duties, Plaintiff has been denied the benefits of the Optional Life Insurance coverage and has suffered damages.

## COUNT II:
## Breach of Fiduciary Duty under ERISA (Aetna)

29. Plaintiff re-alleges herein all of the above allegations.
30. At all relevant times, Aetna exercised discretionary control, authority and/or management over the management and administration of the applicable employee welfare benefits plan and the Policy.
31. At all relevant times, Aetna was aware that Plaintiff was an intended beneficiary of the Policy including the coverage for Optional Life Insurance.
32. Aetna had a duty to administer the plan and the Policy solely in the interest of participants and beneficiaries, and for the exclusive purpose of providing benefits to participants and their beneficiaries.
33. Aetna breached this duty by:
    a) Failing to administer the E.R.I.S.A. plan and Policy in the best interests of its participants and beneficiaries including Ms. Spangler and Mr. Costner Jr.;
    b) Wrongfully denying Plaintiff's claim for benefits under the Optional Life Insurance coverage portion of the Policy;
    c) Misleading Ms. Spangler and Mr. Costner Jr. by affirmatively representing that he was covered under the Optional Life Insurance portion of the Policy;

d) Misleading Ms. Spangler and Mr. Costner Jr. by affirmatively representing that Ms. Spangler and Mrs. Costner Jr. had been successfully enrolled in the Optional Life Insurance under the policy; and

e) Continuing to accept premiums for Optional Life Insurance coverage for Ms. Spangler and Mr. Costner Jr. through the date of his death, thereby affirmatively representing that Ms. Spangler and Mr. Costner Jr. were covered by Optional Life Insurance.

34. As a direct and proximate result of Aetna's breaches of its fiduciary duties, Plaintiff's have been denied the benefits of the Optional Life Insurance coverage and has suffered damages.

## COUNT III:
## Violation of ERISA of § 502(a)(1)(B) by Aetna

35. Plaintiffs re-alleges herein all of the above allegations.

36. Plaintiffs has made a timely claim for Optional Life Insurance benefits under the Policy to Defendant Aetna.

37. Plaintiffs are entitled to the benefits of the payment of the Optional Life Insurance in the amount of $90,000 from Aetna.

38. Defendant Aetna's has denied payment of the benefit of the Optional Life Insurance.

39. Defendant Aetna's denial of payment of the $90,000 due under the Optional Life Insurance is wrongful, unjustified, and improper.

40. The Plaintiff's exhausted the Policy's administrative appeals process.

41. As a direct and proximate result of Defendant Aetna denial, Plaintiff has suffered damages and is entitled to recover from Defendant Aetna.

**WHEREFORE**, Plaintiff's pray that this Court find for the Plaintiffs and that they recover from the Defendants jointly and severally, compensatory damages and punitive damages and equitable

6
Case 3:19-cv-00247-RJC-DCK   Document 1   Filed 05/24/19   Page 6 of 7

remedies as allowed by law together with interest, pre-judgment and post judgment, costs and reasonable attorneys' fees as allowed by law pursuant to 29 U.S.C. § 1132(g)(1).

This the 24th of May, 2019.

/s/Timothy J. Pavone
Timothy J. Pavone, Esq.
The Law Offices of Attorney Timothy J. Pavone
615 South College Street (9th Floor)
Charlotte, NC 28202
Phone: (980) 613-4849
E-Mail: TJP@Charlottelawoffices.com

*Attorney for Plaintiffs*